United States District Court
Southern District of Texas
**ENTERED**
October 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| Charlynn Fields, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:26-cv-6705 |
| | § | |
| Willean Jones, | § | |
| | § | |
| *Defendant*. | § | |

**JUDGE PALERMO'S**
**REPORT AND RECOMMENDATION**

This case relates to an erroneously filed missing-persons report. ECF No. 11.[1] Plaintiff Charlynn Fields proceeds pro se. After reviewing her amended complaint, the Court concludes that it lacks jurisdiction to hear her claim and recommends dismissal.

## I. BACKGROUND

The facts are a bit disjointed. Fields filed her original complaint on August 14, 2026, alleging that Defendant Willean Jones failed to "give accurate information to an officer" and someone named Maureen Rivers. *Id.* at 4. Apparently, Jones gave Rivers certain information about "the situation of [Fields'] father," D.C. Sumlin, "that lead to a false missing persons report being filed with the Houston Police Department on 9/6/2024." *Id.*

---

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 4.

Two months later, Fields filed an amended complaint, providing further details about her clam. ECF No. 11. On August 6, 2024, "a missing person report was filed with the Houston Police Department" for D.C. Sumlin because his "family had not heard from him in over two weeks." *Id.* at 6. The report indicated that Rivers had called Jones to ask about Sumlin. *Id.*

The next day, August 7, a Veteran Affairs social worker informed Fields that Jones had applied to be Sumlin's medical power of attorney ("MPOA"). *Id.* "However, the MPOA was not completed correctly" and was rejected, so Fields assumed Sumlin's MPOA instead. *Id.*

A few weeks after the missing-persons report was filed, on September 9, detective D. Steigerwald was assigned the case and followed up with Jones. *Id.* "[S]he stated that no one ha[d] heard from [Sumlin] and that no one was allowed to see him in the hospital." *Id.* After speaking with Fields, detective Steigerwald called Fields and "explain[ed] the filed missing person report." *Id.* Fields "informed the detective that" Sumlin "had passed that morning." *Id.* Steigerwald verified the information and closed the case. *Id.*

Claiming that the "shock of a missing person's report being filed" caused her significant emotional distress, Fields sued Jones seeking $25,000. *Id.* In Fields' view, Jones "intentionally withheld crucial information causing a missing person's report to be filed." *Id.*

## II. FEDERAL COURTS MUST POSSESS SUBJECT-MATTER JURISDICTION TO HEAR CLAIMS.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute." *Obiabaka v. Jaddou*, No. 4:24-CV-3074, 2025 WL 492496, at *2 (S.D. Tex. Jan. 29, 2025) (citing *Davoodi v. Aus. Indep. Sch. Dist.*, 755 F.3d 307, 309 (5th Cir. 2014)), *R. & R. adopted*, No. 4:24-CV-03074, 2025 WL 490472 (S.D. Tex. Feb. 13, 2025). The plaintiff "carries the burden of demonstrating that jurisdiction exists." *Id.* (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Moreover, "[f]ederal courts have an affirmative duty to examine sua sponte the basis for subject matter jurisdiction." *Garrett v. Burgess*, No. 4:24-CV-04495, 2025 WL 643519, at *1 (S.D. Tex. Jan. 13, 2025), *R. & R. adopted*, No. 4:24-CV-4495, 2025 WL 642054 (S.D. Tex. Feb. 26, 2025). "If [a] court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *Id.* (quoting FED. R. CIV. P. 12(h)(3)).

## III. THE COURT LACKS SUBJECT-MATTER JURISDICTION OVER FIELDS' CLAIM.

The Court lacks subject-matter jurisdiction to hear Fields' claim. "Subject-matter jurisdiction is essential for the federal judiciary to hear a case." *Greene v. MV Transp.*, No. 4:26-CV-2445, 2026 WL 1579937, at *1 (S.D. Tex. Apr. 17, 2026) (quoting *The Lamar Co., L.L.C. v. Miss. Transp. Comm'n*, 976 F.3d 524, 528 (5th Cir. 2020)), *adopted*, No. CV 4:26-CV-02445, 2026 WL 1579170 (S.D. Tex. June

1, 2026). "Federal district courts have subject-matter jurisdiction over two types of cases: cases involving a federal question or cases involving diversity of citizenship of the parties. *Id.*; *see* 28 U.S.C. §§ 1331 (federal question), 1332 (diversity). Fields fails to establish either diversity or federal-question jurisdiction.

To establish federal-question jurisdiction, a plaintiff must plead "a federal question arising under the Constitution, federal law, or a treaty" in her well-pleaded complaint. *Schaefer v. David Simpson Harris Cnty. IV-D Agency*, No. 4:24-CV-1142, 2024 WL 4682340, at *2 (S.D. Tex. Sept. 24, 2024), *adopted*, No. CV H-24-01142, 2024 WL 4681618 (S.D. Tex. Nov. 4, 2024). "[G]enerally, there is no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *Id.* (quoting *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008)).

Here, Fields does not point to any federal law in her amended complaint, ECF No. 11, and the only reference in her original complaint was on the civil cover sheet form, where she marked "False Claims Act" under the "Nature of Suit" category, ECF No. 1-1. The False Claims Act, however, only permits "private parties to bring civil actions on the Government's behalf" to "protect *federal* programs and funds from fraud." *Wisconsin Bell, Inc. v. United States ex rel. Heath*, 604 U.S. 140, 145 (2025) (emphasis added). The only government program or entity to which Fields alludes is the Houston Police Department, which is not federal. Thus, Fields fails to show that the False Claims Act applies and, as a result, fails to establish federal-

question jurisdiction. *See Kirk v. House Around the Corner, LLC*, No. 4:26-CV-1339, 2026 WL 2592955, at *1 (S.D. Tex. Aug. 7, 2026) (holding that "vague and conclusory allegations" of federal law "violations are insufficient to raise a federal question"), *adopted*, No. CV H-26-1339, 2026 WL 2589706 (S.D. Tex. Aug. 28, 2026); *Polk v. Castillo*, No. 3:22-CV-1814-S-BN, 2022 WL 5213356, at *2 (N.D. Tex. Aug. 31, 2022) ("[A] complaint that simply points to a federal law does not provide for subject matter jurisdiction under Section 1331 where the complaint lacks factual allegations showing how the federal law applies to a plaintiff's claim."), *adopted*, No. 3:22-CV-1814-S-BN, 2022 WL 5213083 (N.D. Tex. Oct. 5, 2022).[2]

To raise diversity jurisdiction, there must be "complete diversity of citizenship between the parties and the matter in controversy" must exceed $75,000. *Schaefer*, 2024 WL 4682340, at *2. Here, Fields alleges that she and Jones are both Texas

[2] Fields also fails to adequately state a False Claims Act claim. First, she does "not purport to bring [her] False Claims Act action on behalf of the United States" nor has she "served [her] suit on the United States" or filed her "suit *in camera* as required by the Act." *Rubio v. Winkelmann*, No. 2:26-CV-00130, 2026 WL 2236941, at *9 (S.D. Tex. June 10, 2026), *adopted*, No. 2:26-CV-00130, 2026 WL 2236661 (S.D. Tex. Aug. 3, 2026). She "therefore cannot avail [herself] of the False Claims Act's *qui tam* provisions, and dismissal is appropriate." *Id.* Second, Fields proceed pro se. But pro se "litigants may not prosecute False Claims Act suits." *Id.*; *United States ex rel. Brooks v. Ormsby*, 869 F.3d 356, 356 (5th Cir. 2017) ("[R]egardless of the right of anyone to represent himself *pro se*, he is not representing himself when he brings an action solely as relator for another non-intervening party, including the United States, and therefore cannot do so *pro se.*").

While not jurisdictional, these additional reasons are appropriate alternative bases for dismissal under 28 U.S.C. § 1915(e) since Fields proceeds *in forma pauperis*. ECF No. 10 (order granting IFP status); *Wilson v. Cockrell*, No. 4:22-CV-03906, 2023 WL 8195199, at *4 (S.D. Tex. Nov. 27, 2023) ("[T]he Court is required to screen every IFP complaint and 'shall dismiss the case at any time' if the action . . . 'fails to state a claim on which relief may be granted.'" (quoting 28 U.S.C. § 1915(e)(2)(B))).

residents living in Harris County. ECF No. 11 at 1–2. Moreover, she seeks only $25,000. *Id.* at 6. Thus, neither the complete-diversity nor the amount-in-controversy requirement are satisfied. Diversity jurisdiction therefore does not exist.

Accordingly, the Court should dismiss Fields' claim.

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** that Fields' claims be dismissed for lack of subject-matter jurisdiction.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on October 20, 2026.

Dena Palermo

**Dena Hanovice Palermo**
**United States Magistrate Judge**